IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-mc-00027-MEH

KENNETH WILLIAM LEWIS,

    Plaintiff,

KENNETH WILLIAM LEWIS, a private trust,

    Defendant.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    This matter comes before the Court *sua sponte*. From the Court's review of the filings in this matter, it appears nothing presented by Kenneth Lewis, a *pro se* litigant, arises under federal law. While the documents are not clear and no actual complaint has been filed, Lewis generally requests that the Court "review the private trust indenture that governs the subject matter," and provide a "final 'private decree'" involving child support as determined by Arapahoe County Court – a state court in Colorado. *See generally* docket #1-1.

    Federal courts are courts of limited jurisdiction so must have a statutory basis on which to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Jurisdiction, thus, is a threshold question, and the burden of establishing such jurisdiction is on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tenth Circuit has made it clear that child support issues are the purview of the state. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.").

While the precise nature Lewis's filings is not clear, it appears at a minimum that the action – if it may even be properly called that – is subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis,* 546 U.S. 459, 460 (2006) (per curiam; internal quotations omitted). It also bars any "action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision. . . ." *Epps v. Creditnet, Inc.,* 320 F.3d 756, 758-59 (7th Cir. 2003). In this case, it would seem that Lewis's assertions are efforts to call into question the validity of the rulings entered against him by the Colorado state courts. *See, e.g.,* docket #1-1 at 17. As the Tenth Circuit held in *Wideman v. Colorado*, 242 F. App'x 611 (10th Cir. 2007), such domestic-relations claims would be subject to dismissal for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.

In the alternative, Lewis's filings could be implicated by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 (1971). If the judicial proceedings in the state court are ongoing, implicate an important state interest, and the state proceedings offer an adequate opportunity to litigate federal constitutional issues, then such claims would be barred by the *Younger* abstention doctrine. *See Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).

Regardless, Lewis has failed to establish any type of federal court subject matter jurisdiction and, thus, the Court orders this case is **dismissed without prejudice** pursuant to Fed. R. Civ. P.

41(b), which has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Clerk of Court is directed to close the case.

Dated at Denver, Colorado, this 15th day of March, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge